UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEVON WALKER a/k/a TYRONE FIELDS,

    Plaintiff,

  v.

BREMERTON POLICE DEPARTMENT, et al.,

    Defendants.

CASE NO. C09-5335BHS

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

This matter comes before the Court on the motions to dismiss by Defendants Kitsap County and Kitsap County District Courts (Dkt. 28); Defendant Delta Air Lines Inc. (Dkt. 29); and Defendant Bremerton Police Department (Dkt. 30). The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 16, 2009, Plaintiff Devon Walker filed a civil rights complaint under 42 U.S.C. § 1983, against Defendants Bremerton Police Department, Kitsap County Jail, Delta Air Lines Inc., and Kitsap District Court. Dkt. 8.

ORDER - 1

On March 11, 2010, Defendants Kitsap County and Kitsap County District Courts filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim. Dkt. 28. On March 12, 2010, Defendant Delta Air Lines, Inc., filed a Motion to Dismiss for Failure to State a Claim. Dkt. 29. On March 15, 2010, Defendant Bremerton Police Department filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) and Joinder in Kitsap County Jail and Kitsap District Courts' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim. Dkt. 30.[1]

## II. FACTUAL ALLEGATIONS AND PLAINTIFF'S CLAIMS

The Court will restate the facts as they are alleged in Plaintiff's complaint.

In November of 2007, Plaintiff was arrested on a charge involving a girlfriend and taken into custody at the Kitsap County Jail. Dkt. 8 at 1-2. While in custody, Plaintiff complained of a toothache and filled out an "Inmate Medical Request" form. *Id*. at 7. The jail responded in writing that Plaintiff's request was not "an emergency" and that Plaintiff "would be treated while incarcerated." *Id*. Plaintiff also filed an inmate grievance form. *Id*. at 8. The jail responded on a form titled "Inmate Grievance Follow Up" which Plaintiff attached a copy of to his complaint. *Id*. at 12. The form is illegible. *Id*.

According to Plaintiff, while he was in custody the state of Florida issued a "bogus fugitive warrant" for his arrest and extradition to Florida. *Id*. at 2. Plaintiff submitted an "Advice/Waiver of Habeas Corpus Rights" signed by "Devon NMI Walker" on February 22, 2008. *Id*. at Exh. A. Plaintiff was then extradited to Florida via a Delta Airlines commercial flight. *Id*. at 3.

---

[1] On April 20, 2010, Plaintiff filed a Motion for Summary Judgement, apparently on all claims contained in his complaint. Dkt. 35. On April 26, 2010, Defendant Bremerton Police Department filed a Motion for Relief from the Deadline for filing a Response to Plaintiff's Motion for Summary Judgment and for a continuance. Dkt. 37. Because the Court has concluded that Defendants' motions to dismiss are granted and the case is closed, Plaintiff's motion for summary judgment and Defendant's motion for relief are moot.

ORDER - 2

1      Plaintiff states that while he was in Flordia, the Kitsap County Jail provided him
2 with an audio copy of a telephone conversation he had with his attorney and that the jail
3 improperly mailed it to him, rather than delivering it to his wife as he had requested. *Id*.
4 at 3.

5      Based upon the factual allegations discussed above, Plaintiff asserts that his due
6 process rights were violated, he suffered neglect that constituted cruel and unusual
7 punishment, and he was defamed. *Id*. at 3.

### III. DISCUSSION

9      In their motions to dismiss, Defendants argue that Plaintiff has failed to state a
10 claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of
11 Civil Procedure and request that the Court dismiss Plaintiff's lawsuit in its entirety. *See*
12 Dkt. 28, 29, and 30.

**A.    Motion to Dismiss Standard**

14      The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2),
15 which requires that a complaint contain "a short and plain statement of the claim showing
16 that the pleader is entitled to relief." This rule "requires more than labels and
17 conclusions, and a formulaic recitation of the elements of a cause of action will not do.
18 Factual allegations must be enough to raise a right to relief above the speculative level."
19 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

20      Material allegations are taken as admitted and the complaint is construed in the
21 plaintiffs' favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). The
22 plaintiffs, however, must allege "enough facts to state a claim to relief that is plausible on
23 its face." *Twombly*, 550 U.S. at 570. Determining whether the allegations in a complaint
24 are "plausible" is "a context-specific task that requires the reviewing court to draw on its
25 judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).
26 If the "well-pleaded facts do not permit the court to infer more than the mere possibility

ORDER - 3

of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (internal citations omitted).

**B.    42 U.S.C. § 1983**

Here, each Defendant argues that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state a cognizable claim under 42 U.S.C. § 1983. *See* Dkt. 28, 29, and 30.

Section 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to state a claim under § 1983, a plaintiff must demonstrate that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate remedy only if both elements are satisfied. *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985). In addition, a plaintiff must allege facts demonstrating that individual defendants caused, or personally participated in causing, the alleged harm. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

    **1.    Defendant Delta Airlines**

Here, Plaintiff named Delta Airlines, Inc. as a defendant.  Plaintiff has failed to allege that Delta Airlines, a private company, was in any way acting under color of state law. *Taylor*, 451 at 535.  Moreover, even if Plaintiff's theory had any merit that Delta Airlines was somehow a "joint participant" (Dkt. 8 at 3) with the government, he fails to

1  allege that Delta Airlines in any way caused, or personally participated in causing, him
2  any harm.  *Arnold*, 637 F.2d at 1355.

### 2. Defendants Kitsap County Jail, Kitsap County Courts, and the City of Bremerton Police Department

The language of § 1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 637 (1980). Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).  However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792, 796 (1990)." *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983).

Here, Plaintiff named Kitsap County Jail, Kitsap County District Courts and the City of Bremerton Police Department as defendants. Dkt. 8.  These Defendants are local governmental units that are not legal entities capable of being sued. *See Bradford*, 557 F. Supp. 2d at 1207.

For the reasons stated above, the Court concludes that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[2]

---

[2] In their motions to dismiss, Defendants state additional grounds for which their motions should be granted.  Because the Court has concluded that Defendants' motions to dismiss are granted pursuant to Rule 12(b)(6), it need not address other grounds for dismissal.

ORDER - 5

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motions to Dismiss (Dkts. 28, 29, 30) are **GRANTED**.

DATED this 27th day of April, 2010.

                                                  */s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge

ORDER - 6